## REBECCA RAWLINGS *vs.* LLOYD LOWNDES.

### *Dower.*

W. R conveyed to M. R a tract of land by deed, executed and acknowledged on the 28th of October, 1839, and recorded on the following day. As a security for the purchase money, M. R executed a deed of mortgage, of like date, of the same tract, but the mortgage deed was not acknowledged and delivered until the 14th of November, following. The tract was afterwards sold to L, in 1862; and W. R having died in 1867, his widow brought suit against L to recover dower in the tract. HELD:

That the widow was entitled to dower.

APPEAL from the Circuit Court for Allegany County. The facts are given in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY, GRASON, MILLER and ROBINSON, J.

*Geo. A. Pearre,* for the appellant.

The *seizin* of Rawlings under the deed from Reed was such a *seizin* as gave the appellant an inchoate right of dower, notwithstanding the subsequent execution and delivery of the mortgage for the purchase money. As the claim of dower is one favored in the law, the *onus* of proving that the *seizin* of the husband, was only instantaneous, rests upon those who set it up to defeat the dower. 1 *Scrib. on Dower, sec.* 47; *Grant vs. Dodge,* 43 *Maine,* 489.

In a case where the deed bears one date and the acknowledgment another, the presumption that the deed was delivered on the day of its date is destroyed, because that presumption cannot stand against the positive averment that it was acknowledged on a subsequent day. *Henderson vs. M. & C. C. of Balto.,* 8 *Md.,* 352, 358, 359.

There are many other cases which support this presumption that a deed is delivered at the time of its acknowledgment, and not before. *Blanchard vs. Tyler,* 12 *Mich.,* 339; 24 *U. S.*

*Digest,* 175, sec. 20 ; 27 *U. S. Digest,* 175, sec. 9 ; *County of Henry vs. Bradshaw,* 20 *Iowa,* 355 ; 26 *U. S. Digest,* 147, sec. 14 ; *Loomis vs. Pingree,* 43 *Maine,* 299 ; 18 *U. S. Digest,* 201, sec. 23.

The instantaneous *seizin* which will bar the wife of dower, must be where the title passes out of the husband *at the same time* it passed into him. *Clark vs. Munroe,* 14 *Mass.,* 351 ; 4 *Kent,* 39 ; *McCauley vs. Grimes,* 2 *G. & J.,* 318 ; 15 *Pet.,* 21.

If the beneficial *seizin* is in the husband but for a moment, the wife is dowable. 4 *Kent,* 39 ; *McCauley vs. Grimes,* 2 *G. & J.,* 324 ; 2 *Black. Com.,* 132.

Where the deed is executed and there is a mere *agreement* to execute a mortgage by the vendee, but no mortgage is in fact executed and delivered simultaneously with the deed, the widow of the vendee will be entitled to dower. *Nash vs. Preston, Cro. Chas.,* 191 ; *McCauley vs. Grimes,* 2 *G. & J.,* 325, 326 ; *Stow vs. Tifft,* 15 *Johns.,* 462 ; *Bowie vs. Berry,* 3 *Md. Ch. Dec.,* 35.

Indeed there was quite a struggle in the American Courts before it was settled that a deed with a *simultaneous* mortgage would even constitute that instantaneous *seizin* in the husband which would bar the dower. In this contest it was contended that such transitory *seizin* was only constituted when "the *same act* which gave him the estate conveyed it out of him again," as it is stated in 2 *Black. Com.,* 132.

The fact that the mortgage was given for purchase money, if not simultaneous with the deed, makes no difference. It is not the *consideration* upon which the mortgage is based that debars the widow of dower, but the want of *seizin* in the husband.

Let it be conceded, for the sake of the argument, that the deed and mortgage were simultaneous acts ; still the rights of the widow to redeem exist as against the mortgagee and all claiming under him ; and, though Rawlings may have had but a transitory *seizin,* this only operates to prevent a claim of dower to the prejudice of the mortgage debt. 1 *Scribner*

on *Dower*, 461; *Bell vs. Mayor of New York*, 10 *Paige*, 49; *Wheeler vs. Morris*, 2 *Boswick*, 526; 4 *Kent*, 39; *George's Creek C. & I. Co. vs. Detmold*, 1 *Md.*, 225; *Timms vs. Shannon*, 19 *Md.*, 314.

It has, however, been decided definitely, where the wife joins in the mortgage, that she is entitled to redeem, or in case she chooses to take money instead of land, where her right to dower is complete by her husband's death, she is entitled to dower in the surplus. *Bank of Commerce vs. Owens*, 31 *Md.*, 320.

Even if the husband were seized but of an equitable estate, the widow is entitled to redeem, the mortgage never having been foreclosed, and she never having been made a party to such foreclosure, without which her right to redeem cannot be taken from her. *Mills vs. Van Voorhis*, 23 *Barbour*, 125.

*Lloyd Lowndes, Jr.*, and *William Walsh*, for the appellee.

The deed for the land and the mortgage for the purchase money, both executed on the same day, are to be construed as one instrument, and must be looked at together to ascertain the nature of the estate, and the extent of beneficial interest which Rawlings acquired in the land. *Jackson vs. Dunsbagh*, 1 *Johns. Cas.*, 91; *Van Horne vs. Crain*, 1 *Paige*, 455; *Lynde vs. Budd*, 2 *Paige*, 192; *Kittle vs. Van Dyck*, 1 *Sandf.*, *Ch.* 76; *Gilliam vs. Moore*, 4 *Leigh*, 30; *Rawson vs. Lampman*, 1 *Seld.*, 456; *Stow vs. Tifft*, 15 *Johns.*, 458; 12 *Leigh*, 264; *Cooper vs. Whitney*, 3 *Hill*, 96.

Rawlings had but an instantaneous *seizin*, (and no beneficial interest except subject to the mortgage,) and the authorities are numerous and clear that such *seizin* will not support dower. *McCauley vs. Grimes*, 2 *Gill & Johns.*, 318; *Maybury vs. Brien*, 15 *Peters*, 21, 38; *Steele vs. Carroll*, 12 *Peters*, 201; *Stow vs. Tifft*, 15 *Johns.*, 458; *Vandyne vs. Thayre*, 19 *Wendell*, 162; 1 *Washb. Real Prop.*, 204, 218; 1 *Scribner on Dower*, 261.

Rawlings never had any estate in the land but an equitable interest subject to the mortgage, and although the Act of

1818, ch. 193, sec. 1, (Code, Art. 45, sec. 5,) gives a widow dower in equitable estates, yet "such right of dower shall not operate to the prejudice of any claim for the purchase money of the lands, or other lien on the same." Under this Act it has been repeatedly decided that the widow is not entitled to dower if the husband parts with his equitable interest in his lifetime, and especially where the land is sold to satisfy the purchase money. *Miller vs. Stump*, 3 *Gill*, 304; *Bowie vs. Berry*, 3 *Md. Ch. Dec.*, 359; *Purdy vs. Purdy*, 3 *Md. Ch. Dec.*, 547; *Lynn vs. Gephart*, 27 *Md.*, 547; *Hopkins vs. Frey*, 2 *Gill*, 363.

ROBINSON, J., delivered the opinion of the Court.

This suit is brought by the appellant, to recover dower in a tract of land conveyed by William Reed to Moses Rawlings, her husband, by deed, bearing date, the 28th of October, 1839, and recorded the following day.

At the time of the delivery of the deed, Rawlings gave to Reed six single bills, amounting in the aggregate to twelve thousand dollars, the same being the consideration money mentioned in the deed, and by a mortgage dated the same day, to wit, the 28th of October, but not acknowledged until the 14th of November following, he re-conveyed the tract of land, to secure the payment of the single bills.

It thus appears, that sixteen days intervened between the execution and delivery of the deed, and the acknowledgment and delivery of the mortgage.

In 1862, Rawlings applied for the benefit of the insolvent laws of Maryland, and the tract of land in question, was sold and conveyed by his trustee in insolvency to the appellee. At the time of his application, Rawlings had paid about one half of the mortgage debt, and the balance due thereon, was paid by the insolvent trustee out of the proceeds arising from the sale of the said tract of land, leaving a surplus after the payment thereof of several thousand dollars, which was distributed among the other creditors.

Rawlings *vs.* Lowndes.

In 1867, Rawlings died, and this suit is brought by his widow to recover dower in the land thus conveyed to him during the coverture, and which was in his life-time sold and conveyed to the appellee by the insolvent trustee.

The appellee insists, that although the deed was delivered on the 28th of October, and the mortgage acknowledged and delivered on the 14th of November following, they nevertheless constitute and form parts of one and the same transaction, and the husband's *seizin* being therefore *instantaneous* and not *beneficial*, his widow is not entitled to dower.

At common law, the widow was entitled to dower in the lands and tenements of which the husband was seized as of an estate of inheritance during the coverture. If however the *seizin* was merely *instantaneous*, intended as a means of accomplishing some ulterior purpose in regard to the estate, the husband being as it were a *conduit*, through which the estate passed, without any intention to clothe him with a *beneficial* interest, the widow would not be entitled to dower, as for instance a conveyance to a trustee to re-convey, or as put in the old books, a levy by way of a fine, the *conusee* rendering back by the same fine, the land and tenements to the *conusor*. The husband in such cases holds the *bare legal title*, without any *beneficial interest*. 2 *Crabb's Real Prop.*, 61 ; *Washburn's Real Prop.*, 176 ; *Coke Litt.*, 31, *b.*

This doctrine has been extended to the *seizin* of the husband under a deed executed and delivered simultaneous with a mortgage by him to secure the purchase money, and whatever doubt may have existed at one time on this subject, it is too well settled to be questioned, that in such a case, the widow will not be entitled to dower against the mortgagee. *McCauly vs. Grimes*, 2 *G. & J.*, 318 ; 2 *Crabb's Real Prop.*, 161 ; 1 *Washburn's Real Prop.*, 161; 4 *Kent's Com.*, 41. The lien created by the mortgage takes precedence of the right of dower in the wife of the purchaser, although the title of the mortgagee like that of a widow is derived from the *seizin* of the husband ; but as against all other persons the inchoate

right of dower attaches, and if the mortgage is paid by the husband in his life-time, she will be entitled to dower as if it had never existed, or if the land be sold after his death under a decree of foreclosure, she will be entitled to dower in the surplus, after the payment of the mortgage. 1 *Washburn's Real Prop.*, 177, and cases therein cited.

But in order to exclude the dower right in such cases, the deed and mortgage should constitute and form part of one and the same transaction, for if the deed is delivered, no agreement made subsequent thereto between the vendor and purchaser, can affect in any manner the inchoate right of dower, which attached upon the *seizin* of the husband. It may be laid down as a general rule therefore, that the deed and mortgage should be *executed* and *delivered simultaneously,* or if *executed* on different days, should be *delivered at the same time,* as in *Maybury vs. Brien,* 15 *Peters,* 21, where the Court say, that although the deed was executed prior to the mortgage, " the proof is clear that both instruments were *delivered,* and consequently, *took effect* at the *same time.*"

In this case however, the deed was executed and delivered more than two weeks before the acknowledgment and delivery of the mortgage, for although the latter bears date with the deed, yet the acknowledgment on the 14th of November following, destroys the presumption that it was delivered on the day of its date. *Henderson vs. Mayor and C. C. of Balto.,* 8 *Md.,* 352.

The mortgage then did not take effect until its acknowledgment and delivery; and it is clear that during the time intervening between the 28th of October, the day on which the deed was delivered, and the 14th of November, the day on which the mortgage was acknowledged and delivered, the husband had a *beneficial seizin* in the land, and a sale by him to a *bona fide* purchaser without notice, would have passed title even as against the lien of Reed for unpaid purchase money. If therefore it was the purpose of Reed, that the dower right of the wife should be postponed to his mortgage, it was his

business to see that both instruments were delivered at the *same time.*

But it is urged that exceptions to the general rule requiring simultaneous delivery of the deed and mortgage may arise, where the deed is delivered in pursuance of an agreement on the part of the purchaser to execute and deliver a mortgage of the same land to secure the payment of the purchase money, but which he afterwards fails or refuses to do, and that in such a case a Court of Equity would decree a specific performance of the contract, to the exclusion of the widow's claim of dower. Without intending to decide whether this view be correct, we may say, that Reed, the vendor, is not here setting up such an agreement, nor is he invoking the aid of a Court for its specific performance. The purchase money has been paid, and if it be conceded that the property having been sold under the insolvent laws of this State free and discharged of the paramount lien of the mortgagee, the purchaser acquired a title superior to the wife's inchoate right of dower. We are of opinion there is no sufficient proof in this record from which such an agreement can be inferred. The only evidence is to be found on the face of the instruments themselves, and although it does appear that the tract of land sold and conveyed, was mortgaged to secure the purchase money, and that the mortgage bears date with the deed, it is equally clear that it was not acknowledged and delivered until more than two weeks subsequent to the delivery of the deed. It also appears that the parties lived in the same county, and that the *two witnesses before whom the mortgage purports to have been signed on the* 28*th of October, are the two justices of the peace before whom the same instrument was acknowledged on the* 14*th of November following,* and yet there is no reason assigned or explanation offered why it was not acknowledged at the time of its attestation. Upon such proof as this, we do not feel justified in finding when the deed was executed and delivered, there was an agreement that a mortgage should be executed and acknowledged and delivered at the same time.

To support such an agreement, the effect of which the appellee contends, is to exclude the widow's dower, a right existing by the common law upon the *seizin* of the husband, and which Courts in all time have favored and protected, the proof ought to be clear and conclusive.

We are of opinion, therefore, that the husband of the appellant acquired a *beneficial seizin* in the tract of land in question under the deed of October the 28th, which, upon his death, entitled her to dower, and that her claim thereto is in no manner affected by the mortgage acknowledged on the 14th of November following, nor by the sale and conveyance of the land by the insolvent trustee. The judgment must therefore be reversed.

*Judgment reversed and*
*new trial awarded.*

(Decided 23d June, 1871.)