Heuisler, *et al. vs.* Nickum.

(Decided 26th June, 1873.)

---

JOSEPH S. HEUISLER, Trustee, and THE AMICABLE BUILDING ASSOCIATION, No. 2, OF BALTIMORE CITY *vs.* WILLIAM C. NICKUM.

*Construction of Section 3 of Article 64 of the Code, entitled "Mortgages"— When a Court of Equity will annul a Sale made under its Decree.*

Section 3 of Article 64 of the Code, which provides that: "Whenever lands are sold and conveyed, and a mortgage is given by the purchaser at the same time, to secure the payment of the purchase money, such mortgage shall be preferred to any previous judgment which may have been obtained against such purchaser," applies only to vendor and vendee;—to cases where the vendor having conveyed the land, takes at the same time from the purchaser a mortgage to secure the payment of the purchase money.

Where a purchaser, simultaneously with the deed to himself from his vendor, executes a mortgage to a third party to secure the payment of money which

Heuisler, *et al. vs.* Nickum.

was applied to the extinguishment of the vendor's lien, such mortgage will not, under section 3 of Article 64 of the Code, be preferred to previous judgments which had been obtained against the purchaser.

A purchaser, at the same time that he received a deed from his vendor, executed a mortgage of the property to a third party, to secure the payment of money which was applied to the extinguishment of the vendor's lien. The mortgagor having made default according to the terms of the mortgage, a decree, with his consent, was passed by the Circuit Court for the sale of the mortgaged property. The trustee under this decree sold the property and received the cash instalment from the purchaser, and his notes for the deferred payments. An order *nisi* was passed, and before the time therein prescribed for the final ratification of the sale, the purchaser filed his petition praying that the sale might be set aside and annulled, because since the sale he had ascertained that there were two judgments against the mortgagor, prior in date to the mortgage, which were liens on the property, and the judgment creditors had not been made parties to the proceedings, and the property was not sold subject to said liens, and no provision was made for their payment. He alleged that the net proceeds of sale were insufficient to pay the judgments with the costs and accrued interest, and the trustee was unable to convey to him a clear title to the property. Short copies of the judgments were filed with the petition. The trustee answered the petition, denying that the judgments constituted any incumbrance prior to the mortgage debt, and alleging that even if they were of record prior to the mortgage, they could not affect the interest of the petitioner. The answer averred that there was no sufficient ground for exception to the ratification of the sale set out in the petition, and prayed that the exceptions might be overruled, and the sale ratified. HELD:

That the objections to the sale were well taken; that the property sold being liable to be resold at the instance of the judgment creditors, their liens being superior to that of the mortgage, the sale should be set aside and annulled, and the cash instalment of the purchase money and the notes for the deferred payments restored to the purchaser.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON and MILLER, J.

*Wm. J. O'Brien*, for the appellants.

Under the Maryland statute the mortgage given to secure payment of the purchase money, at the time of the deed of the property, is preferred to previous judgments against the purchaser of the property. *Art.* 64, *sec.* 3, *of the Code of Public Genl. Laws.*

The mortgage given to a person not the vendor of the land—if given simultaneously with the deed of the land—to secure the purchase money, is preferred to prior judgments. *Jackson vs. Austin,* 15 *Johns. Rep.,* 477; *Haywood vs. Nooney,* 3 *Barbour S. C. Rep.,* 645; *Clark vs. Monroe,* 14 *Mass.,* 351; *Rawlings vs. Lowndes,* 34 *Md.,* 639.

The seizin of Wize, in so far as it affects the appellants, was an instantaneous seizin, and the preference claimed for the mortgagee, in this case, does no injury to the judgment creditors. In this view the purchaser is not prejudiced, and there exists no reason why the order of the Court below should not be reversed.

*John M. Carter,* for the appellee.

Though the money derived from the corporation was used in the purchase of the property, yet there was a moment of time between the execution of the deed and mortgage, during which the judgments against Wize attached to the property, and became liens thereon in advance of the mortgage. *Murphy vs. Cord,* 12 *G. & J.,* 182.

When Wize paid the entire purchase money to his vendor the vendor's lien was discharged. It could not be transferred to the corporation save by a proper assignment from the vendor himself; and in the absence of such an assignment the Building Association could not be subrogated to the rights of the vendor, to the injury of the judgment creditors. If the corporation wanted to be treated as assignee of the vendor's lien, it should have dealt with the vendor and not the mortgagor. *Alderson*

*vs. Ames & Day,* 6 *Md.,* 52; *Reigle vs. Leiter,* 8 *Md.,* 405; *Swan vs. Patterson,* 7 *Md.,* 164.

Bowie, J., delivered the opinion of the Court.

McKeel T. Wize, of the City of Baltimore, on the 18th of September, 1869, executed a mortgage to the "Amicable Building Association, No. 2," of that City, to secure certain advances made to him by the Association, and his compliance with certain conditions in said mortgage mentioned.

The mortgage contained a clause consenting that a decree might be passed for the sale of the property, (the sale to take place after a default in any of its conditions,) under the provisions of sections 782 to 792 inclusive, of Art. 4, of the Code of Public Local Laws, etc.

On the petition of the Amicable Building Association, filed in the Circuit Court of Baltimore City, alleging the mortgagor was largely in arrears to the Association, and that default had been made in the performance of its conditions, according to the terms of the mortgage, a decree was passed on the 27th of May, 1872, authorizing a sale, and appointing Joseph S. Heuisler, trustee, to execute the decree, with the usual provisions as to qualification, and prescribing the terms of sale, etc.

The trustee afterwards on the 3rd of July, 1872, reported to the Court, that he had sold the premises to the appellee, William C. Nickum, he being the highest bidder.

An order of ratification *nisi* was passed by the Court on the same day; and before the time prescribed in the order, for final ratification, viz: on the 3rd of August, 1872, the appellee filed his petition praying that the sale might be set aside and annulled, for the following reasons, viz: Because since the sale, he has ascertained that the property sold is subject to two judgments, prior in date to the mortgage, which are liens on the property, and the judg-

ment creditors were not made parties to the proceedings, and the property was not sold subject to said liens, and no provision is made for their payment.

He alleges that the net proceeds of sale are insufficient to pay said judgments, with their costs, and accrued interest, and the trustee is unable to convey to petitioner a clear title to the property.

Short copies of judgments are filed by consent of counsel, marked Exhibit W. C. N., No. 2, and No. 3, respectively—showing a judgment in the Court of Common Pleas, on the 11th of November, 1862, in favor of John P. Poe, receiver, etc., against McKeel T. Wize for $425, with interest from 6th of September, 1861, and costs. 26 February, 1870, attachment on judgment to May term, 1870; and a judgment of the Bank of Commerce *vs.* John T. Wize and McKeel T. Wize, on the 20th of September, 1862, for $255. Interest from 10th September, 1862, and costs—*fi. fa.* issued to January term, 1863, returned "*nulla bona.*"

The trustee answering the appellee's petition, admits he has received the cash payment, and notes of the petitioner for the residue of the purchase money, professes to be ignorant of the two judgments alleged to be of record, but denies they constitute any incumbrance prior to the mortgage debt.

The trustee insists that if such judgments are of record, they cannot affect the interest of the petitioner; he denies the necessity of making judgment creditors parties to the proceeding, and avers that any interest they may have in the purchase money, does not prejudice the petitioner, even though the net proceeds of sale would not pay the judgments, if so applied.

He avers, that he sold only the interest of the parties to the cause, and the purchaser bought the same, and there is nothing in his petition, which is a sufficient ground for exception to the ratification of the sale.

The Court below, after argument on the exceptions of the appellee, sustained the objections to the sale, and ordered that the same be set aside, and the trustee return to the purchaser, the cash payment, and notes for the deferred payments; from which decree, the Amicable Building Association, No. 2, and the trustee appealed.

The appellants' counsel in their brief, say, "that McKeel T. Wize purchased the property in question from Mary C. Dempster, *and simultaneously mortgaged the same to the Amicable Building Association, to secure a sum of money advanced to him, to enable him to purchase the property.*" They contend that the case comes within sec. 3, of Art. 64, Pub. Gen. Laws, which provides, "Whenever lands are sold and conveyed, and a mortgage is given by the purchaser *at the same time* to secure the payment of the purchase money, such mortgage shall be preferred to any previous judgment, which may have been obtained against such purchaser."

Whatever interpretation might be given to this section of the Code, if the record contained facts, requiring its application, it would be very premature in this Court, to decide its meaning upon a mere hypothesis.

Notwithstanding the appellee seems to admit the correctness of the appellants' statement, the record shows that the mortgaged premises were purchased by the mortgagor of Mrs. Dempster, on the 15*th of September*, 1869, and granted and conveyed by deed on the same day to McKeel T. Wize in fee simple.

The mortgage, made part of the record, bears date the 18*th of September*, 1869, and recites, "whereas the said mortgagor, being a member of said body corporate, has received therefrom an advance of six hundred and seven dollars and fifty cents on his five shares of stock," etc., "and whereas, it was a condition precedent to said advance being made to him, that he should secure the payment of the sums of money," etc., wherefore these presents are

executed. There is no reference whatever to the purchase by the mortgagor of Dempster, or the application of the money advanced by the Building Association to the payment of the purchase money. In our opinion this is not a case of instantaneous seizin. It was decided, in the case of *Wollen vs. Hillen*, 9 *Gill*, 185, "that the release of a senior mortgage, let in a junior incumbrance on the same property, although it was proved no money was paid, but another mortgage was executed simultaneously with the release, as the consideration therefor?"

The principle of this case was recognized and reaffirmed in the case of *Alderson vs. Ames & Day*, 6 *Md.*, 56, where a mortgagee, who advanced money to a purchaser, *part of which was applied in payment of the purchase money*, and *took a mortgage on the same day that* the legal title was made to the mortgagor, was postponed to a prior mortgage, on the equitable estate of the mortgagor.

The Court in the case last cited, refer to the case of *Clabaugh vs. Byerley*, 7 *Gill*, 354, where an attempt was made by a junior mortgagee to obtain a preference, by showing that his money covered by the mortgage, was applied in payment of judgments against the debtor, and that he should be regarded as assignee of the judgments. The Court in that case held, that if such was the design, the judgments should not have been paid; that he should have dealt, not with the debtor, but with his creditor, and taken assignments of the judgments. "When once paid, the lien was gone."

There is nothing in the record, to show privity between Mary Dempster, the vendor, and the Amicable Building Association, the mortgagee. The lien of the vendor, was extinguished by the application of the money borrowed from the mortgagee, and three days intervened, during which the mortgagor's interest in fee, was subject to be seized by execution on the judgments.

In the case of *Rawlings vs. Lowndes,* 34 *Md.,* 639, the right of dower of the appellant, was resisted on the ground that her husband had not a beneficial, but merely instantaneous seizin; it was insisted in support of the claim of dower, that to defeat it, the seizin must pass out of the husband, *at the same time it passed into him,* for which position, *Clark vs. Monroe,* 14 *Mass.,* 351; 4 *Kent,* 39; *McCauley vs. Grimes,* 2 *G. & J.,* 318; 15 *Pet.,* 21, were cited, and it was argued if the beneficial seizin was for one moment, the wife was dowable.

The Court held, that although Rawlings, the husband, *at the time he received the deed from his vendor,* gave *his notes for* $12,000, *the consideration mentioned in the deed,* and by a mortgage *dated the same day,* viz: 28th October, but not acknowledged until the 14th of November following, reconveyed the land, to secure the payment of the purchase money, yet, as *sixteen days intervened* between the execution and delivery of the deed, and the acknowledgment and delivery of the mortgage, the widow's right of dower attached. It was laid down as a general rule that "in order to exclude dower in such cases, the deed and mortgage, should constitute and form part of one and the same transaction." *Ibid.,* 644.

It results, we think, from the principles announced in the cases above cited, that the judgments existing at the time of the conveyance from Mary A. Dempster to McKeel T. Wize, against the latter, became liens on the land conveyed, and would bind them in the hands of a purchaser, buying from the trustee, who sold under a junior mortgage, without making the judgment creditors parties.

Although it is unquestionable, that in a sale by a trustee, under a power contained in a mortgage, or under a decree passed in pursuance of a covenant consenting thereto, as provided in the sections of Art. 4, of the Public Local Laws, that the trustee only sells, and the

purchaser only buys the interest of the mortgagor, or the parties to the cause, as the case may be; yet, whilst the sale is "*in fieri*," and the funds are in the hands of the trustee, subject to the control of the Court, it is competent for the Court, upon any just cause being shown, affecting the title of the purchaser, to vacate the sale, and restore to the purchaser the money paid and the securities given for the deferred payments.

The land in this case being liable to be resold at the instance of the judgment creditors, the appellee would take but a shadow of title under the decree in this case, if the sale should be finally ratified, we think therefore that the order of the Court below, annulling the sale and restoring the cash instalment and notes for the deferred payments, ought to be affirmed.

> *Order affirmed with*
> *costs to the appellee.*

(Decided 26th June, 1873.)


Since filing the foregoing opinion, the attention of the Court has been called to an agreement of counsel in the cause, (which had escaped the observation of the Court,) admitting that the mortgage given by Wize to the Amicable Building Association, No. 2, was given simultaneously with the deed of the property purchased by Wize, and the money received by Wize from the Building Association was used by Wize to pay for the property.

This agreement supplies, what was stated in the former opinion to be wanting, to enable the Court to determine the construction of the 3rd section of Art. 64, of the Code of Pub. Genl. Laws.

The language of that section is susceptible of two constructions, the one, limiting it to the vendor and vendee, the other, embracing every one to whom the vendee may chose to mortgage his interest in the land, provided the

money to be secured by the mortgage, is applied to the extinguishment of the vendor's lien.

The phraseology of the section plainly implies that it referred to cases where the vendor having conveyed the land, took at the same time from the purchaser, a mortgage to secure the payment of the purchase money. The terms "purchase money," do not include any money that may be borrowed to complete a purchase, but that which is stipulated to be paid by the purchaser to the vendor, as between them only it is purchase money ; as between the purchaser and lender, it is borrowed money.

But it is said the spirit and equity of the Act, if not its language. would embrace any one advancing money, to pay for lands bought by another.

Such a construction is decidedly against the tenor of our decisions referred to in the previous opinion filed in this case. *Vide* 6 *Md.*, 56, and cases there cited.

It is equivalent to assigning the vendor's lien without limit, and might subject judgment creditors to many embarrassments, not now forseen.

Believing the framers of the law had no such latitudinarian views, we are of opinion that the mortgage given in this case, is not within the section referred to, and is not preferred to previous judgment creditors.

(Filed 11th July, 1873.)