# CIRCUIT COURT NO. 2 OF BALTIMORE. CITY.

Filed February 1, 1895.

THE CONWAY STREET BUILDING ASSOCIATION NO. 1 OF BALTIMORE CITY

VS.

JOHN J. DOBLER, ADMINISTRATOR OF CHRISTIAN BUSCHMAN, DECEASED, AND JOHN G. MAIER AND OTHERS, EXECUTORS OF THE WILL OF JOHN G. MAIER, DECEASED.

*Emil Budnitz* and *C. Dodd McFarland* for plaintiff.

*Stockbridge & Paca* for defendants.

WICKES, J.—

So far as the facts are necessary to a proper understanding and consideration of the question presented by the bill and demurrer filed in this case, they are briefly as follows:

Christian Buschman being about to purchase from Joseph F. Krause, a leasehold lot of ground in this city for the sum of $850, applied to the corporation plaintiff for a loan of that amount upon the nine shares of stock standing in his name in the Association, and agreed to secure the repayment of it by the execution of a mortgage upon the property about to be purchased. The Association having consented to loan the money, Buschman took a deed of assignment from Krause on May 5th, 1893, paying him to the $850 so borrowed, and on the same day executed and delivered the mortgage for that amount to the plaintiff association. The bill avers that the transaction was simultaneous, and the papers, the deed and mortgage marked 1 and 2, respectively, were entered for record on May 5th, 1893, at the same hour. On October 13th, 1885, prior to the execution of the deed of assignment and mortgage, John G. Maier recovered a judgment against said Christian Buschman in the Court of Common Pleas of this city, for the sum of $567.50 with interests and costs.

Buschman and Maier are both dead, and their legal representatives are made parties defendant.

The demurrer admits the facts averred in the bill to be true, and the question presented is whether a mortgage given under such circumstances takes precedence of a prior judgment. The learned counsel who argued the case on behalf of the judgment creditors, have very earnestly contended that unless the mortgage is entitled to priority by virtue of the provision of the Code, Sec. 4, Art. 66, and the construction placed upon it by the Court of Appeals, that the judgment creditors are entitled first to be paid.

That section provides that when lands are sold and a mortgage given for the purchase money at the same time, such mortgage shall be preferred to previous judgments against such purchaser, and the Court of Appeals held in Heuisler vs. Nickum, 38 Md. 270, and other cases, that the mortgage referred to must be given to the vendor and not to a third party, to bring it within the protection of the statute.

Because of this construction, based apparently upon the theory of some superior equity in the vendor, and not

upon the transitory seizin of the vendee, the present contention has arisen.

The Supreme Court of New York, in construing a like statute, said, in Jackson vs. Austin, 15 Johns. 477, "The act probably contemplated cases where the mortgage was given to the seller of the land. But the words are not restricted to such cases, and a just and fair construction will warrant its application to the present case," where the purchase money was advanced by a third person.

But the plaintiff's solicitors, accepting the rule laid down in Heuisler vs. Nickum as the settled law of the State, nevertheless aver in the bill of complaint "that the title or ownership of said Christian Buschman in said property was of such a transitory character that no lien attached to the same under said judgment prior to the lien acquired under said mortgage."

The rule as to dower in cases of mere transitory, as distinguished from beneficial seizin, is well settled. Said Lord Coke: "The wife shall not be endowed of a seizin for an instant." That is where the new estate was merely *in transitu*, and never vested in the husband. Cro. Jac. 615. Seizin for an instant is where the husband by the same act or by the same conveyance by which he acquires the seizin, parts with it. Therefore, where A conveyed to B, who by deed of the same date mortgaged back to A, it was held that B's wife was not dowable. Holbrook vs. Finney, 4 Mass. 566. The execution of the two deeds was held to constitute but one act.

In Clark vs. Munroe, 14 Mass. 351, the mortgage was to a third person, and was made in pursuance of a previous agreement. It was held that the deeds still constituted but one transaction, and that the wife of the mortgagor was not dowable.

In 4 Kent's Com. 39, it is said that the wife is not dowable "when the husband takes a conveyance in fee and at the same time mortgages the land back to the grantor, *or to a third person*, to secure the purchase money in whole or in part."

Our own cases are distinctly in line with these and many similar decisions.

In Rawlings vs. Lowndes, 34 Md. 639, the present Chief Justice delivering the opinion of the Court, fully recognized the rule of law, and the dower was held to attach because the deed was executed and delivered more than two weeks before the acknowledgment and delivery of the mortgage.

In Ahren vs. White, 39 Md. 409, a lease of ground for ninety-nine years and a mortgage from the lessee to the lessor were executed, acknowledged and recorded at the same time. Such a mortgage was held entitled to a priority of lien over a judgment rendered against the lessee before the date of the lease and mortgage, for the reason that the lease and mortgage constituted one and the same transaction. And the Court took occasion to say that under such circumstances the wife of the grantee would not be entitled to dower. And then in comparing the rule as to dower and judgments the Court of Appeals said, *"we can see no reason why a prior judgment should stand on a better footing than dower, a claim which the law favors above all others."*

In Glenn vs. Clark, 53 Md. 580, the wife was not of full age when the mortgage was executed, but the Court said that if it was given to secure the purchase money either to the party from whom the title was derived, or *to a third person from whom the purchase money was obtained by the purchaser upon an agreement that such mortgage should be executed,* she cannot claim dower as against the mortgagee or his assigns, the right of dower being subordinate to the lien of the mortgage.

And said Bartol, C. J., in delivering the opinion, "the decision in Heuisler vs. Nickum, turned upon the construction of the 3rd Sec., Art. 64 (now Sec. 4, Art. 66) of the Code, in which the term 'purchase money' was held to mean the sum stipulated to be paid by the purchaser to the vendor, and did not include money that may be borrowed to complete the purchase. This last decision rests upon the construction of the words of the Code, *and has no application to the doctrine of transitory seizin."*

And continuing, the same learned Judge, after stating the well-established rule of law when the transaction is between vendor and vendee, "if instead of making the mortgage directly to the vendor, it be made to a third person, who furnishes the purchase money, or from whom it is borrowed by the purchaser for the purpose of

514

paying the purchase money, the same principle of equity applies in favor of the mortgagee, provided the whole constituted one and the same transaction, and in such case the rights of the mortgagee are paramount to the right of "dower of the wife of the purchaser."

The same doctrine is even more pointedly held elsewhere as to judgments.

In Curtis vs. Root, 20 Illinois 53, Caton, C. J., said: "It is a principle of law too familiar to justify a reference to the authorities, that a mortgage given for the purchase money of land and executed at the same time that the deed is executed to the mortgagor, takes precedence of a judgment against the mortgagor. The execution of the deed and the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands and vests in the mortgagee, without stopping at all in the purchaser, and during such instantaneous passage the judgment lien cannot attach to the title. * * * In point of right and principle, it can make no difference whether the mortgage is given to the vendor for the purchase money, or to another who actually advances the means to pay the purchase money to the vendor."

In Laidly vs. Aiken, 80 Iowa 112, the transaction was placed upon precisely the same footing as if the mortgage had been made to the vendor and by him assigned to the mortgagee. Said Rothrock, C. J., in delivering the opinion of the Court, "It is a *well settled equitable rule* that where a purchaser of land at the time he receives the conveyance, executes a mortgage to a third person who advances the purchase money for him, such mortgage is entitled to the same preference over a prior judgment as it would have had if it had been executed to the vendor himself. When all the facts of the parties appear to be parts of one trans action in its legal effect it is the same as though the purchaser had executed a mortgage to the vendor for the purchase money and he had assigned it to the party advancing the money," citing Haywood vs. Nooney, 3 Barb. 645.

And again in Cowardin vs. Anderson, 78 Va. 88, Lewis, President, cites a number of cases to sustain the proposition; first, that a judgment creditor is in no sense to be treated as a purchaser, and has no equity beyond what belongs to the debtor, and second, that where the two deeds operate simultaneously, and constitute one and the same transaction, that the seizin is transitory only and the lien of a prior judgment does not attach. And, said the learned judge, "it applies equally in favor of a third person who advances the purchase money, and at the time of the conveyance takes a mortgage on the land for his indemnity." See also as to rights of judgment creditors, 34 Md. 72.

Now whatever the reason of the rule may be, whether it rests upon the doctrine of transitory seizin, which seems to have been abandoned in some of the states, or upon the equitable principle that the mortgagee under such circumstances is to be regarded as acquiring a lien superior to that of a judgment creditor, who must stand or fall by the real, and not the apparent rights of the defendant in the judgment, it nevertheless seems well settled, apart from the provision of the Code, that under such facts as are presented in this case, the lien of the judgment must be subordinated to the lien of the mortgage. Although we seem to have no decision precisely in point in this State, the principle was practically decided in Ahern & White and the cases in which the question of dower arose to which I have referred.

I have not adverted to the suggestion of counsel, that because $250 were deposited by Krause as additional security for the repayment by Buschman of his loan, which sum was to be returned to Krause by the plaintiff out of the first money paid by Buschman, a different principle applies.

I do not see that any change is wrought by this circumstance, in the rule which seems to govern in this class of cases. Nor does it affect the question that no written evidence is presented that the identical money loaned was paid over to the vendor of the property. The bill avers it with sufficient certainty, and the effect of the demurrer is to admit the facts alleged in the bill.

I am therefore of opinion that the demurrer must be overruled and will decree accordingly.