## ROLLER v. CARUTHERS.

SCIRE FACIAS; PARTIES; PLEAS, WAIVER OF DEFECTS IN; TERRE
TENANTS; TRANSITORY SEIZIN; OUTSTANDING TITLE, EFFECT
OF PURCHASE OF.

1. Where there is a judgment against two defendants and a *sci. fa.* is
   issued thereon against the *terre tenant* of one, the objection
   that the other should have been made a party to the *sci. fa.*
   cannot be raised for the first time on appeal.
2. A *motion for judgment*, notwithstanding a plea filed to a *sci. fa.*,
   waives all defects to the form of the plea, and is equivalent to a
   general demurrer to the sufficiency of the facts alleged therein
   to constitute a defense.
3. *Terre tenants* are those who are in possession of land against which
   execution is sought, deriving title under a judgment debtor as
   heirs, devisees or alienees after judgment.
4. In order to support a *sci. fa.* on a judgment to subject land to the
   lien of the judgment, it must be shown that the judgment
   debtor had title to the land.
5. In such a case a mere transitory seizin in the judgment debtor,
   for the purpose of conveying title, is not sufficient to allow the
   judgment lien to attach.
6. Where a party purchases an outstanding title in order to protect
   his possession under a former title, the conveyance thereof
   will inure to the benefit of others interested therein, subject to
   his equitable claim for contribution or complete exoneration,
   as the case may be, on account of the consideration paid.

No. 360.   Submitted December 3, 1894.   Filed February 5, 1895.

HEARING on an appeal by the *terre tenant* of a judgment
debtor from a judgment awarding execution in a proceeding
by *scire facias.   Reversed.*

The COURT in its opinion stated the case as follows:

Benoit Baer, for the use of Lloyd E. Caruthers, having
obtained a judgment in the Supreme Court of the District of
Columbia, for the sum of $150, with interest and costs,
against Henry J. Kintz and John Ambler Smith, caused a

*scire facias* to issue thereon to the appellant John E. Roller, as *terre tenant* of said Smith, to show cause why plaintiff should not have execution of said judgment against certain lands described therein. This was returned *scire feci* as to said Roller, June 15, 1893.

Instead of a technical plea, Roller filed an "answer" under oath, as if in reply to a bill to establish the lien of the judgment. From this answer and accompanying exhibits, it appears that Roller claimed the land under the following titles: 1. In a suit in the Chancery Court of Shenandoah County, Virginia, entitled *William H. Triplett* v. *George C. Wedderburn* and others, a decree was rendered September 10, 1887, to the effect that if the defendants, Wedderburn and Kindig, "or either of them that may elect to do so, or some one for them or him, shall redeem the said property" (describing the same as in the *scire facias*) by paying, within sixty days from date, to one Joseph S. Irwin the sum of about $3,800, then said Irwin was required to make a deed thereto and file the same in the papers of the cause. The decree also recites that in anticipation of the decree, the said Irwin has executed, duly acknowledged and filed the deed aforesaid, conveying the said property to said John Ambler Smith, attorney for said Wedderburn and Kindig, by their request, and the same was ordered to be delivered to said Smith upon production of Irwin's receipt for the money aforesaid. Neither of said defendants, nor said Smith, were able to redeem the property, and at their request said Roller, who had been their attorney, agreed to furnish the money necessary to do so, in consideration of a deed being made to him for the same. Wedderburn agreed to release his right to redeem to Smith, and the latter was to convey the title to Roller in full of the money advanced, and of his own fees, expenses and charges. The release of Wedderburn to Smith was delivered to Roller November 8, 1887, with Smith's deed as agreed, and on November 9th, Roller paid the money and received from the clerk of the court the deed from Irwin to

Smith, which had been deposited and held as before stated. The release and the two deeds were filed for record in the District of Columbia at the same time and recorded in succession.   2. The answer next alleges that the only title which Irwin had to the lands was under an irregular tax sale and deed; that the legal title never was in the persons in whose names the tax sales were made to Irwin, but was in the heirs at law of one Thomas Beall, who had since conveyed their title to said Roller by deed dated March 1, 1889.

The plaintiff in judgment moved for *fiat* on the writ "notwithstanding the plea and affidavit by the defendant." This motion was granted and judgment entered in accordance therewith, awarding execution against the said lands, from which said Roller has appealed.

*Messrs. Mackall & Maedel* and *Mr. John E. Roller* for the appellant.

*Mr. Clarence A. Brandenburg* for the appellee: ·

1. The objection, raised for the first time in this court, that the *scire facias* was defective in that it failed to make one of the original judgment debtors a party defendant, is made too late to be considered by this court.   Freeman on Ex., Sec. 89 *et seq.*; *Edwards' Appeal*, 66 Pa. St. 89 ; *Otterback* v. *Patch, ante*, 69.

2. The only thing necessary to entitle the plaintiff below to *fiat* on the writ was something to show that the appellant was *terre tenant* of Smith of the parcels of land described in the writ.   Had he rested upon his denial that he was *terre tenant* of the judgment debtor, the court could not have pronounced judgment of *fiat* in the absence of proof of that fact, but the admission contained in the answer was sufficient for that purpose and furnished all that was necessary. He was not only *terre tenant* of the judgment debtor, but in his answer, "admits that he is *terre tenant* of said lots or parcels of land."

Moreover, according to the admissions in the answer, the appellant derived title, by virtue of which he was in possession of the land in controversy, by conveyance from the judgment debtor. That being so, he was *terre tenant* of the judgment debtor within the meaning of the law. *Polk* v. *Pendleton*, 31 Md. 123.

There is nothing whatever in the answer to show the seizin of the judgment debtor was transitory merely, in the sense of transitory seizin in the law. As a matter of fact it was for a moment merely, but there is no allegation that during this moment he was not vested in his own right absolutely with the title and no presumptions can be indulged to the contrary. Every intendment must be in favor of the judgment.

Even admitting this fact appeared in the record, the objection cannot be taken advantage of in a proceeding to revive a judgment by *scire facias*. Such a position involves a denial on the part of the appellant of the very conveyance under which he claims and in virtue of which he is in possession. If extraneous facts exist, which in equity tend to show that the judgment debtor had no beneficial interest in the property, the appellant must resort to another forum to avail himself of those facts. The legal title, according to the record, with attendant seizin, was in the judgment debtor by virtue of the conveyance set out in the answer of appellant, and he was vested with a title which became subject to the lien of the appellee's judgment; and, if this seizin was transitory merely, unaccompanied with beneficial ownership, no greater interest could be seized and sold, and the appellant could not be prejudiced thereby. The purchaser under a judicial sale of the interest of the judgment debtor would stand in no better position than the judgment debtor himself. If, therefore, any facts exist which in equity entitle the appellant to relief against the judgment his relief is to be had in equity and not in a law court. *Brown* v. *Pierce*, 7 Wall. 217.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. Error has been assigned upon two points, the first of which is the omission of plaintiff in the judgment to make Henry J. Kintz, one of the defendants therein, a party to the *scire facias*. This objection is taken now for the first time; there is no suggestion of it in the record of the proceedings below. Undoubtedly the *scire facias* ought to have followed the judgment and run against both of the defendants. Both the defendant Smith and appellant as *terre tenant* under him had the right to insist upon Kintz being made a party. *Prather* v. *Manro*, 11 G. & J. 261; *Bowie* v. *Neale*, 41 Md. 124; Foster on Scire Facias, 20. But this right ought to have been claimed in the court below at the proper time, by demurrer, plea, or motion. Kintz was not an indispensable party. He had no concern in the proceeding against the lands sought to be subjected to the lien of the judgment, and his rights are in nowise affected. The appellant was claiming nothing under him, and it was his right merely to have him cited and brought before the court that he might show payment, if it had been made by him. This privilege was waived by failure to assert it at the proper time and in the proper manner. Foster on Scire Facias, 20; Freeman on Executions, Sec. 87; *Edwards' Appeal*, 66 Pa. St. 89.

2. The next assignment is the error of the court in rendering judgment against the appellant notwithstanding his answer and the facts alleged therein. No objection was offered to the answer for want of form. As we have seen, in the motion for judgment it was treated as a plea supported by affidavit. The motion for judgment, notwithstanding this answer, was equivalent to a general demurrer to the sufficiency of the facts alleged therein to constitute a valid defense. Taking the allegations of the answer (or plea, as it should have been entitled), as true, we think they present a good defense, and that the court erred in granting the motion for judgment.

*Terre tenants*, within the meaning of the law applicable herein, are those who are in possession of the land against which execution is sought, deriving title under the judgment debtor as heirs, devisees or alienees after the judgment. *Polk* v. *Pendleton*, 31 Md. 123.

To support the *sci. fa.*, it is incumbent upon the plaintiff in the judgment to show that the judgment debtor had title to the land. *Saunders* v. *Webster*, 3 H. & J. 433; *Ford* v. *Gwinn*, *Id.* 498.

The plaintiff offered no proof in support of his case. He relied entirely upon the plea of appellant as an admission of the legal title having been in his grantor, John Ambler Smith, at one time since the recovery of the judgment against him, and upon the presumption of law that the lien of the judgment necessarily attached thereto. This plea must be taken as a whole, and due weight given to all of its allegations. The admission of the execution of the deed by Irwin to Smith, conveying the lands in controversy, and of the title which thereby passed through him, must be considered in connection with the whole history of the transaction, which fully explains the purpose thereof and the nature and extent of Smith's seizin. It is perfectly plain that this seizin was transitory and instantaneous, for a certain, distinct and limited purpose. Smith paid no consideration, had no real interest, and had he taken the deed and held the legal title, as was contemplated when the decree was passed, he would have been but a dry trustee for his clients, the defendants in the cause. Under the expectation, when that decree was made, that the defendants would pay the money to Irwin, his deed was made to Smith, ratified by the decree, and ordered to be delivered upon compliance with the terms imposed. Hence, upon the failure of defendants to raise the money for the necessary payment within the time limited by the decree, and the consequent arrangement with appellant, to whom it seems they were indebted for fees, it became necessary to take the deed of Irwin to Smith from the custody of the clerk of

the court, and complete the transaction by taking from him the conveyance to appellant. Smith was therefore but a mere conduit of the title, rendered necessary by the terms of the decree and the condition of the parties. Clearly, Smith had no such seizin as would afford foundation for the attachment of the lien of the judgment against him which was then in existence and unsatisfied. This conclusion is in full accord with the doctrine of the following cases: *Ahern* v. *White*, 39 Md. 409; *Maybury* v. *Brien*, 15 Pet. 21, 38; *Rawlings* v. *Lowndes*, 34 Md. 639, 643; *Stow* v. *Tifft*, 15 Johns. 458.

The question does not turn upon the mere momentary duration of Smith's seizin. Had he been a real purchaser, or had the real ownership vested in him for ever so short a time, the right of the judgment creditor might well have been held to accrue as against one holding under him by purchase. But, as we have seen, assuming the truth of the facts set forth in the plea, as we must do for the purposes of this case, this was not the condition of the title. He was not seized at all, so as to give any right to his unsatisfied judgment creditor. This right was necessarily limited by his actual interest, and could rise no higher. *Brown* v. *Pierce*, 7 Wall. 205, 218; *Floyd* v. *Harding*, 28 Gratt. 401, 407; *Summers* v. *Darne*, 31 Gratt. 801.

3. As the case must be tried anew, it is proper to notice another question which may arise upon certain facts alleged in the plea. These are that the title of Irwin was founded in an irregular tax sale, and was never a valid title, and that recently appellant has procured a conveyance of the real title from the holders thereof. We think the appellant is estopped to set up this subsequently acquired title as against the rights of any person arising under the title of Irwin, under which he entered into possession. If the purchase of the outstanding title was necessary to the protection of his possession under the former title, the conveyance thereof would inure to the benefit of others interested therein, subject of course to his equitable claim for contribution or com-

plete exoneration, as the case may be, on account of the consideration actually paid therefor. In the event that the assertion of this equitable right may become necessary at any subsequent stage of the proceedings, a court of equity would, upon application, furnish the appropriate relief.

For the error that has been pointed out, *the judgment appealed from must be reversed, with costs to the appellant; and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.*