JOHN AHERN vs. MILES WHITE.

*Simultaneous Deeds—Construction of Section 3 of Article 64 of the Code, entitled " Mortgages "—Priority between Incumbrances—Proof of Title in Ejectment.*

A lease of ground for 99 years, and a mortgage from the lessee to the lessor to secure advances for building thereupon, were executed the same day—the lease first,—attested and acknowledged before the same magistrate, and recorded at the same time. The mortgage recited that its execution, delivery and recording was a condition agreed upon prior to the making of the lease, to which it referred, and prior to the agreement for making the advances secured by it, and to the entering into or breaking open the ground. HELD :

That the two deeds constituted one and the same transaction.

The provision of the Code, Article 64, sec. 3, that a mortgage from a vendee to a vendor, delivered at the same time that he receives his conveyance, to secure the purchase money, shall be preferred to any previous judgment against the vendee, does not imply that in every other case such judgment shall have preference over every subsequent mortgage. A mortgage from a lessee to his lessor, simultaneous with the lease, to secure advances, is within the provision of the Code.

Where a judgment has been recovered against a party, who subsequently acquires leasehold property subject to a mortgage executed, delivered, and recorded simultaneously with the lease to him, the mortgage has priority over the judgment.

A mortgage provided that any default should operate as a forfeiture of the estate and the equity of redemption of the mortgagor, and that it should thereupon be lawful for the mortgagee to close the mortgage by sale pursuant to the provisions of any law then in force, either by decree or extra judicially. Forfeiture having taken place, it was HELD :

That the mortgage conveyed a legal title sufficient to enable the mortgagee to maintain ejectment as plaintiff.

Where a plaintiff in ejectment claimed under a mortgage, and the defendant, not resting his case upon defect of the plaintiff's title, introduced his own, deduced from a sheriff's sale under a judgment against the mortgagor, HELD :

---

Ahern *vs.* White.

---

That it was the duty of the Court upon the state of the case made by the defendant, simply to determine which was the better title. In such case the rule of ejectment law that the plaintiff must show title regularly deduced from the State, or adverse possession for twenty years, is dispensed with.

APPEAL from the Superior Court of Baltimore City.

This was an action of ejectment. The case is stated in the opinion of the Court. The first bill of exception taken by the appellant, the defendant below, after setting out the deed in fee to White, the proof of White's possession under it, the lease by White to Ijams, and the mortgage from Ijams to him, all of which was offered in evidence by the plaintiff White, concluded as follows: "And [the plaintiff] then proved, that the two papers were executed on the same day, and together left for record at the same time, to wit, at 3½ o'clock, on the 4th April, 1871, in the Record Office of the Clerk of the Superior Court, and the plaintiff, himself, being then examined as a witness, the question was asked of him by his counsel, ' Were those two· papers the embodiment in writing, of one transaction?' And the witness answered, ' they were,' but to the admissibility of this question and the answer to it in evidence, the defendant excepted."

The second and third bills of exception are sufficiently set forth in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Thos. R. Clendenin* and *Orville Horwitz,* for the appellant.

The appellee has proved no title and has no right to recover, because in ejectment the plaintiff must recover, if at all, on the strength of his own title, and must show title by possession for twenty years in himself, or those under whom he claims; as against the appellant he must

show that he has the legal title and a right of possession.

In this case, there is no such evidence. The title of the appellee began in 1857, and even the alleged title of his grantor, as to which there is no proof, only began in 1856. *Mitchell's Lessee vs. Mitchell*, 1 *Md.*, 52; *Hammond's Lessee vs. Inloes*, 4 *Md.*, 174.

Assuming that the appellee had proven a *prima facie* title for 20 years, the appellant's title from the sheriff is paramount to that of the appellee under the equity proceedings. The judgment of 1869 in favor of Grafflin attached to, and became a lien upon the leasehold interest of Ijams. *Act of* 1861, *ch.* 70; *Alex. British Stats.*, 550, 551, and the judgment binds the equitable as well as legal interest in property, subsequently acquired, as well as that previously owned. *Hayden vs. Stewart*, 1 *Md. Ch. Dec.*, 463, 464.

The sheriff's sale assigned to Ahern, Ijams' title and interest to the property sold. The mortgage from Ijams to White, was subsequent to the judgment of Grafflin, by about two years; it was entitled to no priority over the judgment; it is not a mortgage for purchase money such as is specially exempted by Art. 64, sec. 3, of the Code, from operation of previous judgments against the mortgagor, and there is no other provision of the law of Maryland, which gives a mortgage a preference over a judgment prior in date or previously obtained.

Even had Ijams wished to give White a lien in preference to the judgment, (about which there is not the slightest evidence, nor anything appearing in either of the papers,) it was not in his power to do so. *Martin vs. Martin*, 7 *Md.*, 377; *Anderson vs. Tydings*, 8 *Md.*, 442; *Henderson vs. Mayhew*, 2 *Gill*, 442.

As to the first exception to evidence, the ruling of the Court below was erroneous.

1st. Because it attempted by oral evidence to control, change and contradict a written sealed instrument—to control the interpretation, and to alter and vary the effect of the same. *Henderson vs. Mayhew,* 2 *Gill,* 409.

2d. The question was leading. 1 *Starkie on Evidence,* 149.

3d. The question submitted a question of law to the witness.

In order to authorize a decree under Art. 4, secs. 782 to 792, (the Codification of Act of 1833, ch. 181,) the assent in the mortgage to proceedings under that Act must be special and direct. *Kenly vs. Wierman's Exr's,* 18 *Md.,* 304.

Besides, this was not a mortgage upon which a decree could have been obtained *before default*—it could only be asked for *after* default, that being a condition. The Act of 1839, ch. 9, and the Act of 1864, ch. 124, (enacted in its place,) authorize decrees *ex parte* after default only, in cases where like decrees could have been passed *before* default, and that could not under any circumstances have been done under this mortgage.

The title under the judgment of Grafflin was in any event paramount to the title to the mortgage to White. *Watson vs. Bane,* 7 *Md.,* 117; *Neidig vs. Whiteford,* 29 *Md.,* 178; *Holida vs. Shoop,* 4 *Md.,* 465.

But the doctrine on which the plaintiff chiefly relies for the priority of his mortgage over a senior judgment is that of *instantaneous seisin.*

That doctrine only applies to a case where the party has *no beneficial interest* of any sort, but is a mere conduit pipe, and where the seisin is merely transitory. But wherever the party has a seisin *beneficially for his own use,* if even for an instant only, then all the usual consequences and burdens follow that seisin.

This doctrine has been fully examined and passed upon in questions of dower. *Co. Litt.,* 31 *b;* 1 *Thomas' Coke,*

sec. 36: 2 Bl. Com., 131; Nash vs. Preston, Cro. Car., 190 ; 2 Bac. Abr., 371, note; Preston on Estates, Title Dower; Crabb's Real Prop., sec. 1172 ; Broughton vs. Randall, Cro. El., 503 ; McCauley vs. Grimes, 2 G. & J., 324; Rawlings vs. Lowndes, 34 Md., 643.

And the only exception intimated, is in reference to a mortgage for the balance of purchase money, made and delivered simultaneously. This however, is rendered unnecessary as an exception, being provided for by Act of Assembly.

Nor can a party deny the seisin of him from whom he derives his estate; he is estopped. 2 Bac. Ab., 371, note.

But this doctrine of instantaneous seisin, does not apply to an ordinary mortgage, which is but a security for a debt, and the mortgagor is seised as to every body but the mortgagee sub modo. Slaughter vs. Culpepper, 44 Geo., 319.

The mortgage here relied on, however, to give paramount title to the purchaser under it, is a mortgage not for money loaned at the time, or for a balance of purchase money, but for future advances.

Now, it is true, that this Court has determined in the case of Wilson vs. Russell, 13 Md., 494, on the authority of a case (Gordon vs. Graham, 7 Vin. Ab.,) since overruled by the House of Lords, (Hopkinson vs. Rolt, 9 H. of L., 514,) that a junior intervening equity, will not prevent the validity of advances made subsequent thereto, but no such rule prevails in regard to a senior judgment, of which the mortgagee is presumed to have notice at the time of making the contract.

William F. Frick, for the appellee.

The judgment creditor was not a purchaser with any right to the land, with neither jus in re, nor ad rem, and his claim must stand or fall, not by the apparent but by

the real rights of the judgment debtor. *Knell vs. Green Street Building Association,* 34 *Md.,* 67, *and cases referred to, p* 68; *Hampson vs. Edelen,* 2 *H. & J.,* 64–66; *Eschbach vs. Pitts,* 6 *Md.,* 77; *Farmers Bk. vs. Heighe,* 3 *Md.,* 361; *Coombs vs. Jordan,* 3 *Bland,* 298, 300.

It may, therefore, be assumed that the purchaser under the *fi. fa.* acquired no better title than Ijams himself could have assigned, at the time he received the lease. But the mortgage which he executed *eo instanti,* was given, "*under a condition agreed upon prior to the making of the lease.*" Therefore he took the lease, subject to a condition to execute the mortgage. The two papers formed together only one transaction; and Ijams was never by the contract, invested for one moment with a leasehold title, which he could have transferred, except subject to the *mortgage.*

The question is entirely analogous to that, whether the wife is dowable, in cases of instantaneous seisin by the husband; and this Court has said in *Rawlings vs. Lowndes,* 34 *Md.,* 644, that the dower right is excluded "where the deed and mortgage constitute and form part of one and the same transaction."

Now we have in this case not merely the inference of its being one and the same transaction from the simultaneous execution, delivery and recording of the two instruments; but we have an express declaration and admission of the fact, from the parties, on the face of the papers themselves.

The decision of this Court in the case of *Heuisler, Trustee, vs. Nickum,* 38 *Md.,* 270, is not in conflict with these views, but rather confirms them.

The defendant's second prayer, that the plaintiff was not entitled to recover, because he had not proved possession for twenty years in himself or those under whom he claimed, was properly refused. The proceedings were under the Act of 1872, ch. 346, under which the only issue

between the parties was "the title to the premises and right of possession." The plaintiff proved title and actual possession in himself from 1857 until 4th of April, 1871, when Ijams acquired from the plaintiff the leasehold estate and possession, and the plaintiff still holding the fee, acquired the legal title to the leasehold estate under the mortgage. Assuming the proceedings for sale under the mortgage to be regular, the plaintiff, at the time of the institution of the suit, had acquired the absolute title by the purchase of Ijams' equity of redemption, and was entitled to possession.

The defendant claimed under Ijams. He defended himself upon the ground, that he had purchased Ijams' leasehold estate; and was in possession under that title. He, therefore, did not claim adversely to, but under Ijams, the mortgagor. If the views heretofore contended for are correct, the plaintiff had, as against Ijams and all persons claiming under him, both the legal title and the right of entry or possession.

Was he then obliged to go further and show possession in himself, or those under whom he claimed for twenty years, prior to April, 1871, or go back and establish his right by a regular deduction of title from the State? As both parties claim under Ijams, there could be no controversy about his title, and the only question was, which of them had the better claim to it? *Elwood & Wife vs. Lannon's Lessee,* 27 *Md.,* 208.

The tenant cannot dispute his landlord's title. In an action of ejectment by the purchaser at a sheriff's sale, against the defendant, or those claiming under him after the judgment, and not adversely, it is only necessary to show the proceedings and the sheriff's deed. *Miles vs. Knott,* 12 *G. & J.,* 454; *Estep & Hall's Lessee vs. Weems,* 6 *G. & J ,* 303; *Fenwick vs. Floyd,* 1 *H. & G.,* 174. So, if ejectment be brought by a mortgagee against a mortgagor, the mortgage deeds are the only evidence required,

because a man cannot set up any title inconsistent with his own deed. And if it be brought against a third party, who holds as tenant under the mortgagor, it is only necessary, in addition, to prove the tenancy and its determination, or that the mortgagor was in possession at the time of the mortgage, and that the tenancy was not acknowledged by the mortgagee. Evidence of the mortgagor's title is only necessary where the defendant holds *adversely* to the mortgagor. *Adams' Ejectment,* 285.

MILLER, J., delivered the opinion of the Court.

In this case, ejectment was brought by the appellee against the appellant, for two lots of ground in the City of Baltimore. The plaintiff derived title in fee to these lots, by deed from Fenton and wife, dated the 3rd of July, 1857. On the 4th of April, 1871, he leased them to Ijams for ninety-nine years, renewable forever, and at the same time, took from him a mortgage of them to secure advances, to be made for the purpose of erecting houses upon them. The defendant's title is that of purchaser of the lots at sheriff's sale, under execution on a judgment against Ijams recovered in June, 1869. The main question in the case is, whether the lien of this judgment superseded the mortgage?

From the face of the instruments themselves, and the proof in the cause there can be no doubt but that the lease and mortgage constituted one and the same transaction. They were both executed on the same day, attested by and acknowledged before the same magistrate, and were left for record together, and recorded at the same time, to wit: at half past three o'clock, on the 4th of April, 1871. In the mortgage there is a recital, to the effect that its execution, delivery and recording was a condition agreed upon, prior to the making of the lease to which it refers, and prior to the agreement for making the loan or advance which it secures, and prior to entering

Ahern *vs.* White.

into or breaking open the ground or any part thereof. Though the execution of the lease preceded that of the mortgage, yet there was no interval of time which the law will recognize between the operation of the two deeds. They constituted one and the same transaction just as effectually in law, as if the two had been embodied in the same instrument. Unless there be some positive provision of a statute, or some inexorable rule of law, or some express and binding decision of the Courts to that effect, there is clearly no ground on which the judgment creditor can have any just claim to priority over this mortgage. There is no statute which so declares. By Art. 64, sec. 3, of the Code, it is provided that if a purchaser of lands at the same time that he receives his conveyance, gives a mortgage to secure the payment of the purchase money, the mortgage shall be preferred to any previous judgment against the purchaser, but it is not enacted that in every other possible case such judgment shall have preference over every subsequent mortgage. There is no doubt it is a well settled rule of law that a judgment is a general lien on all the real estate which the judgment debtor owns at its date, and that it attaches to all that he may thereafter acquire, and a leasehold interest like the present is by the Act of 1861, ch. 70, placed on the same footing in this respect as real estate. But the question here is, whether it is possible in any case under this rule, for a subsequent acquisition of property to be so coupled with the lien of a mortgage placed upon it *eo instanti* its acquisition, as to prevent the lien of a previous judgment from attaching to the prejudice of the mortgage? On that question how stand the authorities?

In *Woollen vs. Hillen*, 9 *Gill*, 185, a senior mortgage was released without having been paid, and at the same time a new mortgage was taken for the same sum, and the question was, whether that let in to priority a mortgage

on the same land junior in date to that which was re-
leased.   The Court held that it did, but rested their de-
cision upon the effect of the release which was absolute
in its terms, and by deed duly executed and acknow-
ledged, and said it was a case clearly distinguishable
from those of dower, in which it had been adjudged that
if there was but an instantaneous seizin in the husband,
and where he had or took no beneficial interest, the wife
was not dowable.   To the same effect and upon the same
reasoning is the case of *Neidig vs. Whiteford,* 29 *Md.,*
178, where a junior mortgage was released and a judg-
ment let in to priority over the mortgage taken subse-
quently to the release, but for the same consideration as
the first mortgage.   In *Clabaugh vs. Byerly,* 7 *Gill,* 354,
it was decided a junior mortgage was entitled to no pref-
erence over a prior one by showing the money secured
by it was applied in payment of judgments prior in date
to the elder incumbrance, and the same ruling was fol-
lowed in *Alderson vs. Ames,* 6 *Md.,* 52, where part of the
money of the junior mortgage was applied in discharge of
a vendor's lien on the land.   In both it was held the
prior liens were *extinguished* by being paid, there being
no *assignment* of either to the junior mortgagee.   In *Wat-
son vs. Bane,* 7 *Md.,* 117, a vendor united with his vendee
in a mortgage of part of the lands, and it was held he
had thereby waived his lien on the land so mortgaged, in
favor of a judgment against the vendee prior in date to
the mortgage, and that there was no assignment of the
vendor's lien to the mortgagee by implication or con-
struction.   In *Martin vs. Martin,* 7 *Md.,* 368, it was de-
termined that a purchaser at sheriff's sale under a judg-
ment against the lessor before the lease, was entitled to
the rent falling due after the accrual of his title, though
the lessor may have anticipated it by orders on the tenant
which the latter had accepted ; and the Court in that case
reiterate what is well settled, that the defendant in a

judgment binding his land, cannot create liens upon it to the prejudice of the judgment, and that all persons dealing with him in reference to the land, acquire rights, if any, in subordination to the judgment lien.

These are the cases mainly relied on by the appellant, but in none of them is the question now before us settled. On the other hand, in *Rawlings vs. Lowndes*, 34 *Md.*, 639, it was determined, after a careful consideration of the authorities, that a widow is not entitled to dower, as against the mortgagee, where the seizin of the husband was under a deed executed and delivered simultaneously with a mortgage by him to secure the purchase money, but that in such case the lien of the mortgage takes precedence of the right of dower, although the title of the mortgagee, like that of the widow, is derived from the seizin of the husband. In that case the widow was allowed her dower because more than two weeks elapsed between the execution and delivery of the deed, and the acknowledgment and delivery of the mortgage, and the Court say, "In order to exclude the dower right in such cases the deed and mortgage should constitute and form part of one and the same transaction, for if the deed is delivered, no agreement made subsequent thereto between the vendor and purchaser, can affect in any manner, the inchoate right of dower which attached upon the seizin of the husband. It may be laid down as a general rule, therefore, that the deed and mortgage should be *executed* and *delivered simultaneously*, or if *executed* on different days, should be *delivered at the same time*, as in *Mabury vs. Brien*, 15 *Peters*, 21, where the Court say that although the deed was executed prior to the mortgage, the proof is clear that both instruments were *delivered* and consequently *took effect* at the *same time*."

In *Heuisler vs. Nickum*, 38 *Md.*, 270, a party purchased and received his deed for the land, and three days afterwards mortgaged it, not to the vendor, but to a third

party, and we held, after a review of the previous decisions, including that of *Rawlings vs. Lowndes,* that a prior judgment against the vendee had preference over the mortgage, because of the *interval of three days* during which the interest of the mortgagor in fee under the deed to him, was subject to be seized in execution on the judgment. An agreement of counsel in the case, which at first had escaped the attention of the Court, to the effect that the mortgage was given simultaneously with the deed, and that the money obtained from the mortgagee was applied in payment of the purchase money, induced the filing of a supplemental opinion, in which it was determined that the 3rd section of Article 64 of the Code, applied only to cases where the mortgage is given to the *vendor* to secure the purchase money, and not to a case where it is given to a *third party,* though the money thus obtained may have been applied to pay for the property. That was all the Court intended to decide by this supplemental opinion. The priority of the judgment was left to stand as in the original opinion upon the *interval of time* between the deed and the mortgage, during which the interest of the purchaser under his deed, was liable to be seized in execution on the judgment.

In *Knell vs. Green Street Building Association,* 34 *Md.,* 67, there was a judgment after the execution, and before the recording of the mortgage. The latter however, was recorded within the time prescribed by law, and when so recorded, the statute, (Code, Art. 24, sec. 14,) said "it shall take effect as between *the parties* thereto from *its date."* It was there insisted, that as against a judgment creditor without actual notice of the mortgage, it operated only from the time *it was recorded.* But the decision was otherwise, and the judgment was subordinated to the mortgage. The Court in that case at some length consider the nature of a judgment and the rights it confers. It gives the judgment creditor no right to the land nor

any estate in it, but simply a lien on it for payment of his debt; and such lien, being a general one, in no wise affects or impairs the vendor's lien for unpaid purchase money. He is neither in fact nor in law a *bona fide* purchaser, and must stand or fall by the real, and not by the apparent rights of the defendant in the judgment.

Under the doctrine of the first of these cases, (*Rawlings vs. Lowndes,*) it is very clear that if instead of a lease, there had here been an absolute deed, and a mortgage, the right of dower in the wife of Ijams, would not have attached as against the mortgage. And we can see no reason why a prior judgment should stand on a better footing than dower, a claim which the law favors above all others. Here the owner of vacant lots in a city, desiring to have them improved, leases them in the usual way, and at the same instant of time takes a mortgage from his lessee, to secure advances to a specified amount to be paid as the improvements progress. And this is done for the express purpose of enabling the lessee to make such improvements. There is no justice in allowing in such case, outstanding judgments against the lessee to come in and reap the benefit of the mortgagee's money thus expended, to the exclusion of his incumbrance. We have found no case which expressly sanctions the working of such injustice. On the contrary, the cases cited, recognize principles which justify as in this case, in preferring the mortgage to the judgment, and we accordingly so adjudge and determine. The validity of a mortgage to secure future advances, not to exceed a limited amount, has been definitely settled in *Wilson vs. Russell,* 13 *Md.,* 494, a case which was very carefully considered, and has been repeatedly recognized by subsequent decisions of this Court. There are three other questions presented by this appeal, and in disposing of them we find no difficulty.

1st. It is altogether unimportant to the cause, whether the question asked the plaintiff as a witness was objec-

tionable because leading, or whether his answer thereto, to the effect that the lease and mortgage were the embodiment in writing of one transaction, was admissible in evidence or not. The rulings of the Court, sustaining the question and admitting the evidence, and which form the subject of the first exception, even if erroneous, wrought no injury to the defendant; for, as we have shown, the fact that they constituted one transaction, was conclusively established by the instruments themselves, and the proof, which was undoubtedly admissible, that they were executed on the same day, and left for record together at the record office at the same time.

2nd. Besides his mortgage the plaintiff offered in evidence a record of proceedings in the Circuit Court of Baltimore City for the sale of the property described in the mortgage. These proceedings show that upon petition of the mortgagee a decree for a sale was passed by that Court, under the provisions of the Code of Public Local Laws, relating to mortgages in that city; that the plaintiff purchased the property at the trustee's sale under the decree, and that this sale was finally ratified by the Court. It was also agreed that the trustee's deed for the property had been executed to plaintiff as purchaser under these proceedings. The admission in evidence of these proceedings is the ground of the second exception. The appellant's counsel insist that the *terms of the mortgage* do not authorize the passage of any such *ex parte* decree, and consequently the decree itself and all the proceedings thereunder, are absolutely void, the Circuit Court being without jurisdiction in the premises. Now assuming (without however intimating an opinion to that effect) that this position is sound, what is the result? Clearly this, that the mortgage and the title of the mortgagee thereunder, are left to stand unaffected by such proceedings; and there is no doubt but that the mortgage conveys a legal title quite sufficient to enable

the plaintiff to maintain this ejectment.   There was entire forfeiture at the time the action was brought, and it contains no covenant or clause amounting to a re-demise to the mortgagor.   This disposes also of the objection taken in argument, that the deed from the trustee was not executed until the day after the commencement of this suit.

3rd. It is further insisted that the failure of the plaintiff to show title by possession for twenty years in himself or those under whom he claims, is a fatal defect in his case.   If the defendant had rested his case upon the plaintiff's proof, without introducing his own title, this objection would have been well taken.   But when his title was introduced it was clearly shown to the Court that he claimed as purchaser at sheriff's sale, under a judgment against Ijams, the lessee, whilst the plaintiff claimed under a mortgage from the *same party*.   There are many cases in which the well settled rule of ejectment law that to enable a plaintiff to recover he must show title regularly deduced from the State, or adverse possession for twenty years or more, is dispensed with.   Instances of such exceptions to the general rule are where the action is brought by a mortgagee against his mortgager, by a landlord against his tenant, by a purchaser at sheriff's sale against the judgment debtor, and also where both parties claim under conveyances from the same grantor.   And in *Elwood & Wife vs. Lannon's lessee*, 27 *Md.*, 200, where by an admission of the defendants it was shown that they and the plaintiff both claimed under the *same person*, it was distinctly decided that it was *prima facie* sufficient to prove derivation of title *from* that party, without producing any patents or deeds to prove title *in* him.   In our opinion, the present case falls directly within the reason of these exceptions, and that it was the duty of the Court, upon the state of the case made by the defendant himself, simply to determine

which was the better title, that under the judgment, or that under the mortgage, both being derived from the same party.

Finding, therefore, no error prejudicial to the appellant in any of the rulings excepted to, we shall affirm the judgment.

*Judgment affirmed.*