## VIRGINIA LEE *v.* H. HOBART KEECH ET AL., EXECUTORS.

*Who May Contest Will—Judgment Creditor of Heir.*

The right to caveat a will is limited to persons who have an interest in the property.                                p. 36

A general creditor of an heir has no right to caveat a will, such a creditor having a mere right to pursue the debtor's property, with a privilege of ultimately requiring payment of his debt from it.                                          p. 36

A creditor of an heir, in order to caveat the ancestor's will, must have such an interest in the heir's property as will give him a part of the sum total rights of ownership.       p. 36

The statutory lien of a judgment, consisting merely of the right to have any part of the debtor's property that he may select, or all of it, sold for the payment of the judgment, gives the judgment creditor no right to the land nor any estate in it.
                                                      pp. 36, 37

The statutory lien of a judgment creditor is in the nature of a remedy rather than of an estate, and is as such subject to legislative control, and may be changed by statute without violating any constitutional inhibition.                     p. 37

A judgment creditor of an heir has not such an interest in the latter's property as will support a caveat by him to the ancestor's will.                                        pp. 37, 38

*Decided June 10th, 1926.*

Appeal from the Orphans' Court of Harford County.

Caveat by Virginia Lee to the alleged will of Hattie B. Shanahan, deceased, defended by H. Hobart Keech and Alice Montell, executors. From an order dismissing the caveat, the caveator appeals. Affirmed.

The cause was argued before Bond, C. J., Urner, Digges, Parke, and Walsh, JJ.

*John L. G. Lee,* for the appellant.

*Edwin H. W. Harlan* and *Benjamin L. Freeny,* for the appellees.

Bond, C. J., delivered the opinion of the Court.

There is one question, only, raised on this appeal: Whether a judgment creditor of an heir may file and prosecute a caveat to a will of the ancestor of that heir, by which real property is devised to other persons. The appellant, Miss Virginia Lee, held a judgment against H. Hobart Keech for $989.15, recovered originally in Baltimore City, in 1914, and later recorded in Harford County. By statute (Code, art. 26, secs. 19 and 20), the creditor thus became entitled to a lien on any interest of the debtor in real estate in the latter county. The mother of the debtor, Mrs. Hattie B. Shanahan, of Harford County, owned a farm of one hundred and three acres there, assessed for taxes at $7,755, and valued considerably higher. On the 23d day of June, 1925, she made a will in which she devised her property to the wife of her son, the debtor, and to his sister, the other heir of the testatrix, in equal shares. The testatrix died on the following December 18th, 1925, and letters were granted to her two children, as executors. The appellant then filed the caveat, as a judgment creditor of the one heir, H. Hobart Keech, and after a hearing this was dismissed, because, as stated in the order of the orphans' court, the petitioner had "no right or interest in the property or estate of said testator necessary to maintain a suit to caveat the last will and testament of the said Hattie B. Shanahan." The appeal is taken from that order.

The question has never before been raised in this Court. It has arisen, and has been differently decided, in courts of other states. *Smith v. Bradstreet,* 16 Pick. 264; *Re Langevin,* 45 Minn. 429; *Watson v. Alderson,* 146 Mo. 333; *Mullins v. Fidelity & Deposit Company,* 30 Ky. L. Rep. 1077;

*Bloor v. Platt,* 78 Ohio St. 46; *Seward v. Johnson,* 27 R. I. 396; *Shepard's Estate,* 170 Pa. St. 323; *Lockard v. Stephenson,* 120 Ala. 641; *Bank of Tennessee v. Nelson,* 3 Head (Tenn.) 634; *Re Brown,* 47 Hun. (N. Y.) 360. And see review of cases in notes, *L. R. A.* 1918A, 459. Not all of these cases have dealt with exactly the same legal situation as that presented here. In *Watson v. Alderson, supra,* the judgment creditor had levied execution on the heir's interest and bought it in at the sale, before contesting the validity of the will, and in *Smith v. Bradstreet,* and *Bloor v. Platt, supra,* execution had first been levied on the interest of the heir.

Text book writers give different conclusions on the point. The sixth edition of *Schouler on Wills,* sec. 746, states that a judgment creditor of the heir may contest the will of the ancestor; *Page on Wills,* sec. 325, states that he may not.

In all jurisdictions, either by statute or by general principles of law, the right to caveat is limited, as it is in Maryland, to persons who have an interest in the property. *Johnston v. Willis,* 147 Md. 237. And the decision of the question here raised turns on the views taken of the nature of the interest a judgment creditor of the heir has, and of the nature of the interest so required by law for a caveat. Not all interests in the debtor's property will support a caveat; all authorities agree that the interest of a general creditor is not sufficient, that there must be more than the mere right a general creditor has to pursue the property, with a privilege of ultimately requiring payment of his debt from it. In our opinion, the legal requirement is that there must be, in addition, such an interest gained in the property as will give the creditor a part of the sum total rights of ownership. *Johnston v. Willis, supra.* That this is the general requirement we understand most, at least, of the authorities cited to agree.

Assuming that a judgment creditor may be said, strictly, to have a lien on the interest of an heir in real property which, in a voidable will, is devised to another (*cf. Luhrs v. Hancock,* 181 U. S. 567, 573), it is a general, statutory lien on the property of his debtor, consisting of the right to have

any part of that property he may select, or all of it, sold for the payment of the judgment. And this right follows real property into the hands of any subsequent owner. "It gives the judgment creditor no right to the land nor any estate in it." *Ahern v. White,* 39 Md. 409; *Davidson v. Myers,* 24 Md. 538, 555. "Such lien secures the creditor neither *jus in rem* nor *jus ad rem."* *Dyson v. Simmons,* 48 Md. 207, 215; *Eschbach v. Pitts,* 6 Md. 71, 77; *Knell v. Green St. Bldg. Assoc.,* 34 Md. 67. "A judgment lien on land," says 2 *Freeman, Judgments,* sec. 915, "constitutes no property or right in the land itself. It confers only a right to levy on the same." 1 *Black on Judgments,* sec. 400. It has no effect on prior, undisclosed equities, for the judgment creditor is neither in fact or in law a *bona fide* purchaser. *Ahern v. White, supra; Dyson v. Simmons, supra.* Except for the passage of the Act 1904, ch. 535, embodied in Code, art. 16, sec. 152, the judgment creditor would not, as a general rule, be even a proper party in a proceeding to partition real estate in which the debtor is interested. *Thruston v. Minke,* 32 Md. 571; *Adams v. Produce Exchange,* 138 Md. 656, 661. So it has been held that he could not sue for such waste as might injure his security, nor recover for crops produced upon it, or timber cut from it, before sale upon execution. 2 *Freeman, Judgments,* sec. 915; *cf. Jones v. Britton,* 102 N. C. 166; *Laning v. Carpenter,* 48 N. Y. 408, 412; *Independent School Dist. v. Werner,* 43 Iowa, 643. The lien is the same in principle as that of a municipal corporation for taxes. *Eschbach v. Pitts, supra.* And what the judgment creditor has is rather in the nature of a remedy, than of an estate; and as such it is subject to legislative control, and may be changed by statute without violating any constitutional inhibition. 2 *Freeman, Judgments,* sec. 917; 1 *Black, Judgments,* sec. 399; *Snyder v. Thieme etc. Brewing Co.,* 173 Ind. 659; *Hunter v. Citizens Sav. & Trust Co.,* 157 Iowa, 168; *Missouri & Ark. Co. v. Sebastian Co.,* 249 U. S. 170; *Wilson v. Simon,* 91 Md. 1.

This being the nature of the judgment creditor's interest, it is the opinion of this Court that it is not such as, under

the decisions of the court, would support a caveat. The judgment creditor would not be one upon whom any part of the estate or rights of ownership in the property would devolve if intestacy should be established, and by her caveat she would be seeking, not to clear title to property in which she had gained any estate or property right, but would, rather, be seeking, in the right of the heir, to procure property for the heir, which might then be sold for payment of the judgment debt. These are substantially the views expressed in *Lockard v. Stephenson; Shepard's Estate,* and *Bank of Tenn. v. Nelson, supra,* and we think they are to be preferred to the opposing views.

*Order affirmed, with costs to the appellees.*