In 1923 one of the defendants, Mr. Neblo (a member of the bar) desired to purchase a parcel of real estate in the county of Bergen and for that purpose borrowed from one Desevo the sum of $2,500 to apply toward the purchase price to be paid to the owner, and thereupon on the 16th day of July, 1923, and before taking title, executed, together with his wife, a mortgage upon the premises to be purchased. This mortgage has been assigned to the defendant Darcy.
On August 31st, or about two weeks thereafter, the defendant Cadney and his wife executed a conveyance of the premises mentioned to Mr. Neblo and, I think, the latter's wife. At this time there was advanced by the complainant the sum of $5,500 which was paid to the Cadneys as a further portion of the purchase price, and the Neblos, immediately *Page 562 
upon having title vest in them, executed a purchase-money mortgage in the last-mentioned sum to the complainant. Simultaneously, the Neblos executed and delivered another purchase-money mortgage to secure the payment of the sum of $2,350 to the Cadneys.
On the following day, namely, September 1st, 1923, all three mortgages were recorded in the following order: The mortgage given to Desevo was received in the office of the register of deeds of Bergen county at eight thirty-seven in the morning; that to the complainant, at eight fifty-two in the morning, and the one to the Cadneys at eight fifty-four in the morning. The only question to be decided is one of priority as between the Darcy mortgage and the other two. At the time of the execution of the mortgages to the complainant and the Cadneys, the latter agreed that the one in their favor should be subordinated to the encumbrance held by the complainant.
The answer to this question must be that both the complainant's mortgage and the Cadney mortgage have priority over that held by the defendant Darcy, notwithstanding the earlier recording of the last-mentioned instrument. It has been set at rest by the opinion of Vice-Chancellor Emery in Protection Building and Loan Assn.
v. Knowles, 54 N.J. Eq. 519, adopted by the court of errors and appeals in affirming the decree of this court, in 55 N.J. Eq. 822.
Chief-Justice Beasley stated the law to be the same way inWallace v. Silsby, 42 N.J. Law 1. At page 9 he points out that the statute is merely declaratory of the common law which gave superiority to purchase-money mortgages, and says that the rule applies at law as well as in equity. He says:
* * * "in such transactions, there is a momentary seizin in the vendee, between the execution of the conveyance and the execution of the mortgage, upon which, in strict theory, if we fix our eyes upon the form and avert them from the purpose in view, the lien of then-existing judgments against such vendee would fasten. That such evanescent seizins will not avail in behalf of creditors and others, in frustration of the object for which they are created, and this *Page 563 
upon general rules, and independent of any statutory regulation, will be found fully exemplified in the following cases: Curtis
v. Root, 20 Ill. 53; Chickering v. Lovejoy, 13 Mass. 51;Clark v. Munroe, 14 Mass. 351; Ahern v. White, 39 Md. 409;Co. Litt. 31-d; Stow v. Tifft, 15 Johns. 458; Pomeroy v.Latting, 15 Gray 435.
In Protection Building and Loan Assn. v. Knowles, supra, $1,000 of a $2,500 loan was advanced by a mortgagee a day or two before the mortgagor acquired title to the land intended to be subject to the lien of the mortgage. The remainder was advanced after seizin of the mortgagor. As in the case at bar, the loan of $1,000 was made to the mortgagor for the purpose of acquiring title and was, in fact, so used. This mortgage was recorded in advance of another mortgage given to the complainant in that case. Nevertheless, although the mortgage first mentioned was declared to be a prior lien to the complainant's mortgage as to the amount loaned after the mortgagor received his conveyance, it was held to be subordinate to the complainant's mortgage to the extent of the portion of the loan advanced to the mortgagor before he acquired title. It seems to me impossible to rationally distinguish the case at bar from the Protection Building andLoan Association Case. The defendant Darcy relies upon the following cases: Taylor v. Thomas, 5 N.J. Eq. 331. That case was heard on the pleadings without any proof being submitted, and the only decision made by the chancellor was that the defendant could not defeat the priority of the complainant's mortgage by pleading notice and then failing to prove it. In Hendrickson v.Woolley, 39 N.J. Eq. 307, the court of errors and appeals decided that any notice which had been given was so qualified as to be of no value. In Daily v. New York and Greenwood LakeCo., 55 N.J. Eq. 595, the decision was that a purchase-money mortgage is superior to a prior mortgage made to cover after-acquired property. If the defendant Darcy could show that the complainant was in any way made aware of his assignor's prior mortgage there would be presented a very different case; but that has not even been attempted. *Page 564 
A decree should be entered in accordance with the prayer of the bill and creating the complainant's mortgage paramount with the Cadney mortgage second in priority, and the Darcy mortgage third, and execution should issue for the collection of the following amounts: Under the complainant's mortgage, $6,676.16; under the Cadney mortgage, $2,308.15; and under the Darcy mortgage, $2,912.50. All of these sums include interest on the respective loans to and including October 19th, 1927, the day of the final hearing.