In the matter of the appeal from an order of the Passaic County Orphans Court, denying a motion to dismiss caveat filed by SEBASTIAN GAETA, against any alleged will of Carmella De Gise, dated subsequent to July 10th, 1944.

[Decided November 7th, 1946.]

*Mr. Emanuel Shavick,* proctor for the appellants.

*Messrs. Winne & Banta,* proctors for the respondent.

LEWIS, VICE-ORDINARY.

This is an appeal from an order of the Orphans Court denying a motion by appellants to dismiss a caveat filed by respondent, Sebastian Gaeta, executor named in, a prior will of decedent, against a subsequent will. In July, 1944, decedent executed a will naming Gaeta and her husband as executors. In November, 1945, decedent executed another will. She died February 16th, 1946, having been predeceased by her husband. On February 19th Gaeta filed a petition for probate of the first will, and on February 25th William DeGise, one of the appellants herein and the executor named in the second will filed it for probate. On the same day Gaeta filed a caveat against any will later than the one proposed by him. With the second will there was presented a consent signed by all the heirs and next of kin of decedent joining in the petition for probate of the second will.

The present appellants, who are all the heirs and next of kin and who are all the persons who would take under the first will, but who wish the second one probated, made the

motion under review here to prevent Gaeta from proceeding with his caveat. They contend that the executor, who is acting contrary to the wishes of the beneficiaries under the first will, has no standing to contest the second will, since he has no interest under the will. Gaeta asserts that he has not only the right but the duty to contest the second will on the grounds that there should be a probate in solemn form to test the questions raised by him as to incompetence, undue influence and lack of testamentary capacity.

The assiduity of counsel has failed to find any direct authority in this state on the right of an executor, purely as such and without the approval of the beneficiaries, to contest a subsequent will. The question has been passed on in other jurisdictions, with diametrically opposite holdings. But a careful examination of these cases shows that most of them were decided from the provisions or interpretation of a statute in the particular jurisdiction. In New York, for example, the then Civil Practice Act expressly gives an executor, named in a previous paper purporting to be a will, standing to contest. See *Re: Davis, 182 N. Y. 468.*

But apart from statutory provisions, different jurisdictions have come to different conclusions as to the right of an executor as such only to contest. One line of cases follows the rule set forth in *Bowers* v. *McGavock, 114 Tenn. 438,* "No one can question the validity of a will or any provision of it, unless he stands in such relation to the testator that, in the event the provision is invalid, he will be entitled * * * to an interest in the property involved in the controverted provision." In *Helfrich* v. *Yockel, 112 Atl. Rep. 260 (Md.),* the court held that the mere naming of an executor did not give him such an interest in the estate as would permit him to contest. To the same effect are *Lee* v. *Keech, 151 Md. 34,* and *Cajoleas* v. *Attaya, 145 Miss. 436,* and numerous other cases. The contrary view is taken in some jurisdictions. *In re: Langley, 140 Cal. 126; Connoly* v. *Sullivan, 50 Ill. App. 626.*

The New Jersey statutes throw no light on the question. *R. S. 3:2–22,* does not define in any way those who shall have

the right to file a caveat. It merely provides "In case * * * a caveat is filed, * * * the surrogate * * * shall issue citations to all persons concerned."

The nearest approach to a decision in New Jersey is in cases which have held that complete outsiders have no right to contest. *Middleditch* v. *Williams, 47 N. J. Eq. 585.* In the *Matter of Coursen's Will, 4 N. J. Eq. 408,* there is a reference to the possible right of an executor, named in a prior will and ousted by a subsequent one, to file a caveat, but no opinion is expressed on it. This court must therefore decide the question before it on a consideration of the principles involved.

Appellants argue that the caveator has no standing since he is not a beneficiary under the will, and is merely seeking to intrude against the wishes of all the beneficiaries, who oppose his proceeding. His only possible interest is to earn fees and then only if the second will is held invalid, the first one probated, and administration had under it.

I do not consider that the caveator here has any such interest in the estate as entitles him to contest the second will. He is not a beneficiary, nor is he an heir or next of kin. He does not represent the beneficiaries who make no claim under the first will. They have not only consented to the probate of the second will, which would revoke the first one, but they actively oppose the filing of the caveat. In fact, they are the appellants here. Under these circumstances, the Orphans Court should have granted the motion to dismiss the caveat, and the order to the contrary will be reversed.